

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-74,190-04

### IN RE DONIS LEMOND DENBY, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 8512 IN THE 259TH DISTRICT COURT
### FROM JONES COUNTY

*Per curiam*.

### O P I N I O N

Relator filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contended that he filed an 11.07 application for a writ of habeas corpus in the convicting court on July 27, 2019. He alleged that more than 35 days have elapsed since the filing date and that a timely order designating issues has not been entered. He wants this Court to order the district clerk to forward his 11.07 application.

On September 25, 2019, this Court held Relator's motion for leave to file in abeyance and ordered the district clerk to respond with information concerning any orders designating issues and the date the State was served with the writ application. In response to this Court's order, the

respondent District Clerk, through the offices of the County Attorney, responded that a writ application was received "on or about September 11, 2019," that a judge has been assigned to hear the case, and that no further orders have been entered.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. TEX. CODE CRIM. PROC. art. 11.07 § 3(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. TEX. CODE CRIM. PROC. art. 11.07 § 3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." TEX. CODE CRIM. PROC. art. 11.07 § 3(d). "If the convicting court enters an order designating issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of that order and proof of the date the district attorney received the habeas application." TEX. R. APP. P. 73.4(b)(1). Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a timely issuance of an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. TEX. CODE CRIM. PROC. art. 11.07 §3(c).

In this case, Respondent says she received the application for a writ of habeas corpus on September 11, 2019. She says no further action has been taken relating to the writ application and

has provided no order designating issues. The District Clerk has no authority to continue to hold Relator's application for a writ of habeas corpus and is under a ministerial duty to immediately forward the application and related records in Cause No. 8512 filed in the 259th Judicial District Court of Jones County to this Court.

We grant Relator leave to file and conditionally grant mandamus relief and direct the Respondent to comply with this opinion. The writ of mandamus will issue only in the event the Respondent fails to comply within thirty days of the date of this opinion.

Filed: November 20, 2019
Do not publish